

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CPK
F. #2025R00200

*610 Federal Plaza*
*Central Islip, New York 11722*

March 20, 2026

<u>By ECF</u>

Honorable Sanket Bulsara
United States District Judge
United States Courthouse
930 Federal Plaza
Central Islip, New York 11722

       Re:  <u>United States v. Tony Ream, CR 25-179(SB)</u>

Dear Judge Bulsara:

       The government submits this letter regarding the sentencing of defendant Tony Ream ("Defendant") which is scheduled for April 16, 2026. On September 25, 2025, Defendant pled guilty before this Court to count one of the indictment, which charges wire fraud, pursuant to 18 U.S.C. § 1343. At his plea, Defendant admitted to defrauding his Long Island employer of $1.6 million. The Presentence Investigation Report ("PSR") states that the maximum term of imprisonment is twenty years and the Guidelines calculation yields a total offense level of 22 and a Guidelines imprisonment range of 41-51 months. PSR at ¶¶ 58-59. The plea agreement has a guideline level of 20 and a guideline range of 33-41 months. The difference between the two calculations is that the PSR accurately does not give defendant a two point reduction for zero point offender because he has a criminal history point.[1] The government respectfully requests that the Court adopt the Guidelines calculations in the PSR. Notably, the Probation Department recommends a sentence of 30 months which is below both the PSR and the plea agreement guidelines. This Office concurs with this recommendation and the entire Probation recommendation, including 2 years supervised release, coupled with $1,608,599.99 in restitution and a special assessment of $100. Sentencing Recommendation at 1.

<u>Investigation and Factual Background</u>

       Defendant, a college graduate, was employed at the defrauded Long Island employer beginning in 2019 and was promoted to credit supervisor there in 2020. Defendant then began stealing funds by refunding customers' overpayments, etc. to himself. Defendant

---

[1] The criminal history point arises out of a South Carolina conviction for driving under the influence of alcohol in 2013. Defendant was fined $997 for the conviction. PSR at ¶ 27.

involved his subordinates in his criminal activity by having them properly initiate refunds which he would then divert and pay to himself. PSR at ¶¶ 6-8. As the PSR states, defendant "was placed in a position of private trust that he abused for his own personal gain." PSR at ¶ 17.

I.      A Sentence of 30 Months Imprisonment is Appropriate

Analysis of the sentencing considerations set forth by Congress in 18 U.S.C. § 3553(a) strongly supports a substantial prison sentence. Although the Supreme Court has recognized that the Guidelines system is merely advisory, there must still be a strong connection between a sentencing court's imposition of a sentence and a defendant's real criminal conduct. United States v. Booker, 543 U.S. 220, 246 (2005). Whether above or below the Guidelines range, sentencing courts have a "very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." United States v. Cavera, 550 F.3d 180, 188 (2d Cir. 2008). Given the nature of the crime, his troubled childhood and the context in which Defendant committed it, a sentence of 30 months is appropriate. Defendant defrauded his employer for many years and engaged in scores of fraudulent acts to carry out the fraud. The Defendant utilized these fraudulently obtained funds for a luxurious lifestyle, all while abusing his employer's trust.

II.     The Statutory Factors Support a Sentence of Imprisonment

Section 3553(a) requires the Court to consider the "nature and circumstances of the offense" and to impose a sentence that "reflect[s] the seriousness of the offense." 18 U.S.C. §§ 3553(a)(1) and (a)(2)(A). Three components indicate the seriousness of defendant's crime, namely theft of funds from his employer over a long period of time involving multiple misrepresentations and constant fraudulent acts.

First, the object of the defendant's crimes, his employer, and the concurrent abuse of trust placed in him as a supervisor warrants a substantial sentence for looting the employer. The defendant personally conducted a massive fraud on his employer. In doing so, he falsified many documents, lied constantly and obtained over a million and a half dollars. In addition, this was not an isolated event as the crime occurred for many years and entailed multiple false statements and misrepresentations by the defendant looting his employer's business. PSR at ¶¶ 6-8.

Second, Section 3553(a)(1) also states that the Court must consider the "history and characteristics of the defendant" in imposing a sentence. 18 U.S.C. § 3553(a)(1). This factor similarly weighs in favor of the recommended prison sentence. First, defendant has a criminal history including the DWI conviction mentioned earlier, two arrests for speeding and an arrest for breach of trust at a previous employer. PSR at ¶¶ 25-31. These facts argue for a longer prison sentence. However, it is notable that defendant had a troubled childhood which should be considered as a factor. PSR at ¶ 35.

Third, the Court must also consider the "need for the sentence imposed to promote respect for the law, and to provide for just punishment for the offense." 18 U.S.C. § 3553 (a)(2)(A). In sum, Defendant profited from abusing the trust placed in him by his employer. Just punishment would include a substantial prison sentence which would also promote respect for the law by employees in positions of trust.

Fourth, sections 3553(a)(2)(B) and (a)(2)(C) further require the Court to consider "the need for the sentence imposed to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(2)(B), (C). These factors weigh heavily in favor of the recommended prison sentence. Deterrence has two components: general and specific. Both factors point to the need for the imposition of the recommended sentence here.

Regarding general deterrence, it is important for employees to know that looting their employer will be treated as a serious crime. Regarding specific deterrence, Defendant's criminal history coupled with the fact that his crime was long term and consisted of many fraudulent acts including misleading his subordinates into facilitating some of his fraudulent acts support a prison sentence. In sum, the government recommends a 30 month sentence of imprisonment together with 2 years supervised release, $1,608,599.99 in restitution and a special assessment of $100.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/ *Charles P. Kelly*
Charles P. Kelly
Assistant U.S. Attorney
(631) 715-7866

cc:  Defense counsel